RECEIPT # 63367
AMOUNT $250.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 4-8-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN WALSH, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 05 10701 RWZ |
| HEALTHCARE SOUTH, P.C., PHYSICIAN ) STRATEGIES, LLC, & JOHN J. BRADBURY, JR., ) | |
| Defendants. ) | MAGISTRATE JUDGE Collings |

### NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1331, 1441 and 1446, the defendants, Healthcare South, P.C. ("HCS"), Physician Strategies, LLC, and John J. Bradbury, Jr., hereby remove the above-captioned action from the Plymouth County, Massachusetts Superior Court.

### SUMMARY

Plaintiff filed this action against her former employer (HCS), an affiliated organization, and the manager who terminated her employment. Among her claims, Plaintiff has alleged that she was terminated in retaliation for complaining about HCS's 401k plan. Because her retaliation claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a), this Court has federal question jurisdiction over them and they are removable under 28 U.S.C. § 1331. See Aetna Health Inc. v. Davila, 542 U.S. 200, 124 S. Ct. 2488, 2502 (2004) (holding that a state-law claim which is preempted by ERISA is removable to federal court). This Court has supplemental jurisdiction over the other claims, which are brought under Massachusetts state law. 28 U.S.C. § 1367.

Respectfully submitted,

HEALTHCARE SOUTH, P.C., PHYSICIAN
STRATEGIES, LLC, and JOHN J. BRADBURY, JR.,

By their attorneys,

_____
Christine J. Withers (BBO # 631857)
Gretchen Lundgren Edson (BBO # 644742)
CHOATE, HALL & STEWART LLP
53 State Street
Boston, MA  02109
(617) 248-5000

Dated:  April 8, 2005

3905217v2

I HEREBY CERTIFY THAT A TRUE COPY OF
THE ABOVE DOCUMENT WAS SERVED
UPON THE ATTORNEY OF RECORD FOR
EACH OTHER PARTY BY MAIL/HAND ON: 4-8-05

5

## RELEVANT FACTS AND LAW

1. Plaintiff worked in Human Resources for HCS, a network of pediatric and family practice physicians based in Pembroke, Massachusetts.

2. After the Defendants terminated her employment, Plaintiff filed a complaint with the MCAD, alleging that she had been sexually harassed and terminated in retaliation for complaining about alleged sexual harassment.

3. Plaintiff removed her case from the MCAD and filed a Complaint in Plymouth Superior Court. In the body of her Complaint, she alleged that she had been terminated both for reporting alleged sexual harassment and for reporting alleged violations of HCS's 401k plan.

4. The Complaint contained twelve counts. Specifically, Plaintiff sued all three defendants for sex discrimination and sexual harassment in violation of Mass. Gen. Laws ch. 151B (Counts I and II); retaliation in violation of an unidentified law (Counts III and IV); intentional and negligent infliction of emotional distress (Counts VII, VIII, X, and XI); and wrongful termination in violation of an unidentified Massachusetts public policy (Counts IX and XII). Plaintiff also sued the individual defendant, her former supervisor, for intentional interference with business and/or contractual relations (Counts V and VI).

5. Defendants moved to dismiss the entire Complaint for failure to state a claim. Of relevance here, the Defendants argued that the retaliation claims (Counts III-IV) and the wrongful termination claims (Counts IX-X) were both preempted by Mass. Gen. Laws Chapter 151B because, although the Complaint was muddled, Plaintiff appeared to allege in those claims that she had been terminated for reporting alleged sexual harassment.

401k plan. Because Defendants contend any such claim is preempted by ERISA, it was not until March 10, 2005 that the Defendants first ascertained that this case is removable. See, e.g., Aetna Health Inc. v. Davila, 542 U.S. 200, 124 S. Ct. 2488, 2502 (2004).

11.     Defendants have timely filed this Notice of Removal within 30 days after first ascertaining that this case is removable. See 28 U.S.C. § 1446(b) ("notice of removal . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of an . . . order . . . from which it may first be ascertained that the case is one which is or has become removable"); e.g., Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 205-06 (2d Cir. 2001) (a case becomes removable only when it can be "intelligently ascertained" that grounds for removal exist).

12.     In accordance with 28 U.S.C. § 1446(a), all state court process, pleadings and orders are attached hereto at Tab 1.

13.     In accordance with Local Rule 81.1(a), Defendants will file certified or attested copies of all records and proceedings in the state court action and a certified or attested copy of all docket entries therein, including a copy of this Notice of Removal, with this Court within thirty days after filing this Notice.

14.     In accordance with 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, Defendants will give written notice thereof to Plaintiff and will file a copy of such notice with the Plymouth Superior Court.

WHEREFORE, the Defendants respectfully request that this action be removed from the Plymouth Superior Court to the United States District Court for the District of Massachusetts.

6. The Defendants argued, in the alternative, that to the extent the retaliation and/or wrongful termination claims were based on an allegation that Plaintiff had been terminated for reporting alleged violations of her employer's 401k plan, the claims were preempted by ERISA.

7. The Superior Court allowed the Defendants' motion in part, dismissing the wrongful termination claims against all the Defendants and the emotional distress claims against the corporate Defendants. Of relevance here, the Court dismissed the wrongful termination claims (Counts IX and XII) on the following grounds: "Insofar as the plaintiff alleges she was wrongfully terminated because she reported possible benefit plan violations, such a claim would be preempted by the Employee Retirement Income Security Act." Order dated Apr. 26, 2004 (copy attached as Exhibit A) at 2.

8. The Court "ma[de] no ruling as to" the other counts, including the retaliation claims (Counts III-IV). Id. However, the Defendants understood that the Superior Court was allowing the retaliation claims to proceed only under MGL Chapter 151B on Plaintiff's theory that she had been terminated in retaliation for complaining about alleged sexual harassment. The Defendants understood the Court's language about ERISA preemption to bar the Plaintiff from pursuing her retaliation claims under the theory that she had been terminated because she had reported possible violations of HCS's 401k plan, to the extent she was even asserting that theory.

9. Thereafter, Plaintiff sought discovery into HCS's 401k plan. The Defendants moved for a protective order on the grounds that all claims relating to the 401k plan had been dismissed. The Superior Court denied the motion. The Defendants then filed a motion for reconsideration, which was denied on March 10, 2005.

10. It was not until March 10, 2005 that the Defendants first understood that Plaintiff has been permitted to pursue a claim for termination in retaliation for complaining about HCS's

3

# CIVIL COVER SHEET

%JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Joan Walsh

**DEFENDANTS**
Healthcare South, P.C., Physician Strategies, LLC and John Bradbury, Jr.

**(b)** County of Residence of First Listed Plaintiff   Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Plymouth
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David P. Angueira, Esq., Swartz & Swartz, 10 Marshall Street, Boston, MA 02108  (617) 742-1900

Attorneys (If Known)
Christine J. Wichers, Esq. & Gretchen L. Edson, Esq., Choate, Hall & Stewart LLP, 53 State Street, Boston, MA 02109  (617) 248-5000

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | | PERSONAL INJURY | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 365 Personal Injury - Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | CIVIL RIGHTS | PERSONAL PROPERTY | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | ☐ 441 Voting | ☐ 370 Other Fraud | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 442 Employment | ☐ 371 Truth in Lending | ☒ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 380 Other Personal Property Damage | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 385 Property Damage Product Liability | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment | PRISONER PETITIONS | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | Habeas Corpus: ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Section 1132(a)
Brief description of cause:
Employment discrimination and retaliation

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  04/08/2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Joan Walsh v. Healthcare South, P.C., et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Gretchen L. Edson, Esq.__
ADDRESS __Choate, Hall & Stewart LLP, 53 State Street, Boston, MA 02109__
TELEPHONE NO. __(617) 248-5000__

(CategoryForm.wpd - 2/15/05)